THE UNOTED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

TEILL REYNOLDS,   )  Cause No 5;24-cv-03132-JWL
  Plantiff   )
       )
v       )
       )
       )
MAREL ADAMS,ET AL.,  )
  Defendant   )

<u>PLANTIFF OBJECT TO ANSWER AND AFFIRMATIVE</u>
<u>DEFENSE TO PLANTIFF COMPLAINT</u>

  COMWS NOW plantiff comes sui juris in the above action and moves the court for relief as follows.

## I JURISDICTION & VENUE

  Paragraph I states genuine issue to material facts, to the extent that such claims,the answer agree with Reynolds material facts and such allegations can not be denied.

## II PLANTIFF

  The defendants admit that plantiff was in the custody of KDOC at the time of the events alleged in the complaint. As the Answer expressly admitted tht there is not a genuine issue to the material facts and failed to give or treat his serious medical needs. The defendant can not deny the allegation if deliberate indifference or malfeasaunce of any kind due to his broken arm and lack of treatment for 5 days. As stated but not limited to , those contained on page 2 through 8 of plantiffs complaint clearly show no genuine issue to material facts and can not deny any allegation that defendant did cause plantiff injury and damage due to negligence of treatment,and failed to give physical therapy was deliberate that also caused ptsd... As the answer expressly admitte herin, all other allegation contained in paragraph III(3) through (7) including all allegation contained in plantiff exhibits referance therein meet "deliberate infifference" under the 8th amendment and can not be denied. The answer clearly showes "there is no ginuine issue to the material facts and plantiff is entitled to relief.

## IV FACTS

  Defendant admit that plantiff was (1) incarcerated at lcf as fully reflected in his institutional medical records, defendants futher admit tht the individuals defendants failed to provide medical attention to  his seriour medical need of broken arm. Defendants can not deny any allegation of deliberate indifference or malfeasance of any kind

because they failed to treat his broken arm that required immediate
medical attention and failed to grant physical therrapy. Those
contained on pages 2 through 8 of plantiff complaint all meet delibert
indifferance and can not be dined the defendants caused plantiff
injury and damage due to neglect and failure to meet the plantiff
needs of emergency treatment and physical theropy and failed to meet
plantiff needs.


THE DEFENDANTS ACKNOWLEDGE PLANTIFF LEGAL CLAIMS AND OBJECT TO FOLLOWING


COUNT I   CENTURION CREATED A DELIBERATE INDIFFEERANCE THAT VIOLATED
          REYNOLDS RIGHTS AND CIVIL RIGHTS UNDER THE 8th AMENDMENT

OBJECT TO ANSWER : defendants deny the allegation as set forth in
                   count 1 of plantiff complaint.

COUNT 2: CENTURION VIOLATED MY CONSTITUTIONAL RIGHTS OF THE EIGHTH
         AMENDMENT AND FOURTH AMENDMENT TO THE U.S. CONSTITUTION.

OBJECT TO ANSWER: DEFNDANTS DENY THE ALLEGATION AS SET FORTH IN COUNT 2
                  plantiff complaint.

COUNT 3: CENTURION WIOLATED "state law" claims of negligence, gross
         negligence* or wanton and willful misconduct.

OBJECT TO ANSWER: DEFENDANTS DENY THE ALLEGATION AS SET FORTH IN
                  COUNT 3 OF PLANTIFF COMPLAINT.

COUNT 4 : INTENTIAL INFLICTION OF EMOTIONAL DISTRESS.

OBJECT TO ANSWER: DEFENDANTS DENY THE ALLEGATION AS SET FORTH IN
                  COUNT 4 OF PLANTIFF COMPLAINT.

     Here the defendant agreed to the "material facts" that doctor
wilson and mahle acknowledge Reynolds serious medical needs of a
broken are clearly "there is no genuine issue as to any material
fact and that plantiff is entitled to judgment as a matter of law.
The defendants failed to meet the plantiff "serious medical needs
that wqs a serious injury"see estell 429 u.s at 104. this injury
was diagnosed by doctor wilson an mandating treatment here deliberate
indifferance has been met.

The petitioner 4 claims meed deliberate indifferance as well and
are sufficient. The plantiff claims are addressed in the martinez
report p 2 and memorandum and order, and affirmative defence the
complant address the objective and subjective statndare that is
required under the 8th amendmenat violation of deliberate indifferance.
The judge would have dismissed plantiff petiton under 28. u.s.c 1983
1915  if he failed to state a claim or failed to meet screening here
rule 12 (b)(c) can not be applied.

## OBJECTION TO AFFIRMATIVE DEFENCE TO PLANTIFF COMPLAINT

1. To the extent defendants has comitted fraud the report in Martinez v Aaron investigative civil rights complaint p3-4 clearly address the plantiff exhaustion of adminstrative remedies all the way to the secutary of correction who replied on 12/4/23 doc 1 attachment page 1 of Ms HOlthaus. The plantiff claims are not subject to dismissal pursuant to the requirement of the prison litigation reform act.

2. Again the defendants has committed fraud the plantiff followd his adminstrative procedures of proson litigation reform at as stated above.

3. the planfiff complant has stated claims upon which relief can be granted and fed. Rule. civ. p/ rule 12 (b)and (c) can not be applied the pedtitioner has met screening and deliberate indif-fferance of the objectiov and subjective standard all has beenmet.

4. These defendants do not reserve the right to introduce evidence on any other defence that may become appropriate through discovery or independent investigation.

5. crus v beto 405 u.s 319 322 (1972) has stated the court state that a complaint should not be dismissed for failure to state a claim unless it appears beyound doubt that the plantiff can prove no set of facts in support of his claim which would entitle him to relief.


Wherefore having fully objecting to answer and affirmative defence complaint (doc 1) of defendants, Mabel Adams and Bryan wilson, the plantiff request that deliberate indifferance has been met and this lawsuit not to be dismissed and proceed forward with rule 38 right to a jury trial: or Rule 39 trial by court as follows.


I hereby certify that this 16 day of may 2025 the foregoing was
           mailed by u.s. postatl service to the following
           electronic case filing


U.S. DISTRICT COURT FOR THE DISTRICT OF KANSAS

Teill Reynolds
lcf
p.o. box 2
lansing ks 66043

3