UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TEILL REYNOLDS,

    Plaintiff,

v.

MABEL ADAMS, et al.,

    Defendants.

Case No. 24-3132-JAR-BGS

**MEMORANDUM & ORDER DENYING
MOTION FOR THE APPOINTMENT OF COUNSEL**

This matter comes before the Court on *pro se* Plaintiff Teill Reynolds' (hereinafter "Reynolds" or "Plaintiff") Motion for Appointment of Counsel[1]. *See* Doc. 22. The Court previously granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Doc. 3. For the reasons set forth herein, Plaintiff's request for counsel, Doc. 22, is **DENIED**[2].

**I.  Background**

Plaintiff, an inmate at Lansing Correctional Facility in Lansing, Kansas ("LCF"), brings this action against Mabel Adams, a nurse employed by Centurion, and Bryan Wilson, a doctor employed by Centurion, alleging that they failed to provide adequate and timely medical care after Plaintiff slipped in the shower and injured his arm. Specifically, Plaintiff alleges that on June 15, 2023, he slipped and fell in the shower injuring his left arm. The following day he went to the medical clinic for treatment; however, Nurse Mable refused to treat him. Plaintiff refused to leave until treatment

---

[1] On June 10, 2025, Plaintiff filed a second Motion for Appointment of Counsel. *See* Doc. 30. The motion appears to be identical to his first motion for appointment of counsel. As such, the motion is **DENIED** as duplicative.

[2] Plaintiff filed for an Extension of Time which the Court construes as a motion to stay the case until the motion to appoint counsel is ruled upon. *See* Doc. 26. The Court is denying the request for counsel herein. Plaintiff's motion is thus **MOOT**.

1

was provided, which resulted in Nurse Mable calling SORT officers for assistance. When they arrived, they realized Plaintiff's arm was broken and asked for a doctor. Plaintiff was examined by Dr. Wilson who confirmed Plaintiff's arm was broken and that an x-ray was needed. Because the x-ray technician was on leave, Plaintiff was told he would be transported to KU Medical Center for the x-ray. Plaintiff was not transported that day and eventually was told he would have to wait until Monday, June 20. On June 20, the on-site x-ray technician x-rayed his arm and confirmed it was broken. The x-ray was sent to KU for evaluation after which they responded and stated Plaintiff needed immediate surgery. Surgery was performed on June 20. Plaintiff alleges that he has nerve damage and loss of movement as a result of the delay in treatment.

Plaintiff alleges that the delay in medical treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment. He also brings state law claims for negligence and intentional infliction of emotional distress. The District Judge screened the Complaint under 28 USC § 1915A and authorized service on Defendants Adams and Wilson. Doc. 14. On May 6, 2025, the Defendants answered, after which the Court entered a Scheduling Order. Docs. 19, 20. This motion followed. *See* Doc. 22.

## II.   Request for Counsel

There is no constitutional right to have counsel appointed in civil cases. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Pursuant to 28 U.S.C § 1915 (e)(1), "a district court has discretion to request counsel to represent an indigent party in a civil case." *Commodity Future Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court". *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

When determining whether to appoint counsel, the Court considers the following factors: (1) the merit of the party's claim; (2) the factual and legal complexity of the issues; and (3) the party's

ability to prepare and present the case without the help of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers, "whether the party has made a diligent effort to retain an attorney." *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to underserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

These factors weigh against appointing counsel. As to the first factor, Plaintiff has the burden to convince the Court that there is sufficient merit to his claim and that appointing counsel would be warranted. *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Here, the District Judge previously screened the Complaint and allowed some of the claims to proceed. Doc. 14. Further, the Defendants filed an Answer to the Complaint, as opposed to a motion to dismiss or other dispositive motion. Doc. 19. While the Court expresses no opinion as to whether the claims will be able to withstand future dispositive motions, it recognizes that at this stage of the proceedings at least some of the claims may state a plausible cause of action. As such, this factor slightly weighs in Plaintiff's favor.

Second, the Court considers the factual and legal complexity of the presented issues. For this factor to weigh in favor of appointing counsel, Plaintiff needs to show that his case involves unique or unusually complicated legal theories. *Robards v. Hesse*, No. 09-4150-RDR, 2010 WL 11627416, at *2 (D. Kan. Mar. 24, 2010). As previously summarized, this case involves a personal injury sustained by Reynolds after which he alleges the Defendants failed to provide timely and adequate medical care. Plaintiff's motion concedes that "[t]here are no disputed issues of fact" thus leaving the Court to only analyze whether the legal issues are complex enough to warrant the

appointment of counsel. The Court does not find that to be the case. The legal issues in this case do not appear to be overly complex and do not support appointing counsel at this time. *See Mullendore v. Cheeks*, No. 22-3160-JWL-JPO, 2022 WL 3701205 at *5 (D. Kan. Aug. 26, 2022) (finding a negligence claim alleging inadequate medical care is not overly complex); *Austin v. Weatherspoon*, No. 20-01589-NYW, 2021 WL 11472199 at *2 (D. Colo. Apr. 16, 2021) (denying appointment of counsel finding that claims involving intentional infliction of emotional distress are not legally or factually complex); *Hester v. Lea Cnty. Correctional Facility (GEO Group) Staff*, No. 2:23-00516 DHU-LF, 2025 WL 385670 at *3 (D.N.M., 2025) (finding that an Eighth Amendment claim is "not particularly [legally] complex"). Thus, this factor weighs against the appointment of counsel.

The next factor is Plaintiff's ability to prepare and present the case without the help of counsel. In considering this factor, the Court looks to Plaintiff's ability to gather and present crucial facts. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417,1421 (10th Cir. 1992). In support, Plaintiff argues that his imprisonment will greatly limit his ability to litigate, the issues in the case are complex and will require significant research and investigation, and that he has limited access to the law library. He further argues that counsel will better enable him to present evidence and examine witnesses. As the Court previously discussed, the issues in this case are not so complex to warrant the appointment of counsel. Further, Plaintiff's incarceration and limited access to a law library is not, in and of itself, a basis to appoint counsel. *See Riley v. Skidmore*, No. 22-3185-JWL, 2023 WL 1396304 at *1 (D. Kan. Jan. 31, 2023) (finding that limited access to the law library was not reason enough to appoint counsel). While the Court does not doubt that a trained attorney would be more experienced in litigating cases and examining witnesses, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals that represent themselves on a regular basis. Accordingly, this factor weighs against the appointment of counsel.

Finally, Plaintiff needs to show the Court he is unable to afford counsel and that he has been diligent in searching for counsel. The Tenth Circuit Court's evaluation of whether to appoint counsel includes the plaintiff's ability to afford counsel. *Henderson v. Cargill Packing Plant*, No. 18-1253-JTM-GEB, 2018 WL 6305671 at *5 (D. Kan. Dec. 3, 2018). Reynolds' motion to proceed IFP was previously granted, which indicates that he is unable to afford counsel, thus this weighs in his favor. But Plaintiff must also show that he has, "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires a plaintiff to confer with at least five attorneys regarding legal representation. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sep. 28, 2021. Plaintiff claims he has made repeated efforts to obtain an attorney. Doc. 22. However, in the past two years, Plaintiff has attempted to contact and hire only two attorneys. *Id.* This does not show a diligent effort to search for counsel and weighs against the appointment of counsel.

Therefore, after considering all the factors, the Court finds the appointment of counsel is not warranted.

### III.  Conclusion

After consideration of all the relevant factors, the Court finds that the appointment of counsel is not warranted. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court does not find Plaintiff's situation justifies appointing counsel. Plaintiff's Motion for Appointment of Counsel is, therefore, **DENIED.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 22, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time, Doc. 26, is **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 30, is **DENIED**.

**IT IS SO ORDERED**.

Dated June 16, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge