UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TEILL REYNOLDS,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )
                                         )     Cause No. 5:24-cv-03132-JAR-BGS
MABEL ADAMS, et al.,                     )
                                         )
                    Defendants.          )

### <u>DEFENDANTS' EXPERT DESIGNATIONS</u>

In accordance with Federal Rule of Civil Procedure 26(a)(2), and in accordance with the Court's Scheduling Order (Doc. 20), Defendants Mabel Adams and Dr. Bryan Wilson (collectively, "Defendants") hereby file their Designation of Expert Witnesses. Defendants designate the following testifying experts. Defendants reserve all rights to modify, amend, or supplement this designation as appropriate.

<u>Rule 26(a)(2)(C) Expert Disclosures</u>

1.     Mabel Adams, RN – Mabel Adams is a licensed nurse in the state of Kansas and was a treating provider for Plaintiff at the Lansing Correctional Facility. Nurse Adams is expected to testify regarding Plaintiff's medical conditions and accompanying matters, care and treatment, standard of care, causation, and damages. It is expected that Nurse Adams will rebut the testimony of Plaintiff. Specifically, Nurse Adams is expected to testify regarding the standard of care and treatment for patients, such as Plaintiff, who display medical symptoms that do not qualify as a medical emergency, and the proper procedure and treatment that a nurse is expected to provide those patients. Nurse Adams is expected to testify that when Plaintiff presented to the facility clinic on June 16, 2023, his

1

arm injury did not qualify as an emergency medical need such that Nurse Adams was expected to treat Plaintiff immediately.

2.      Bryan Wilson, M.D. – Dr. Wilson is a Medical Doctor with an active license to practice medicine in the State of Kansas, is Board-Certified in Emergency Medicine, and was a treating provider of Plaintiff at the Lansing Correctional Facility. Dr. Wilson is expected to testify regarding Plaintiff's medical conditions and accompanying matters, care and treatment, standard of care, causation, and damages. It is expected that Dr. Wilson will rebut the testimony of Plaintiff. Specifically, Dr. Wilson is expected to testify regarding the standard of care for the treatment of patients exhibiting (or not exhibiting) medical symptoms necessitating emergency care, and the necessity of emergency medical treatment of patients with an apparent acute fracture in their wrist. Dr. Wilson is expected to testify that when he examined Plaintiff, that Plaintiff was not exhibiting signs or symptoms that he was in such distress that necessitated emergency surgery for his wrist injury, that the splint he provided to Plaintiff to stabilize his wrist and arm was within the standard of care of treatment for an emergency physician to perform, and that Plaintiff's non-compliance with Dr. Wilson's treatment plan of providing a splint may have caused or contributed to Plaintiff's alleged damages.

3.      Defendants retain the right to call Plaintiff's treating health care providers as non-retained experts, either live or by deposition testimony, who may testify with respect to causation, damages, and the appropriateness of Plaintiff's medical care by Defendants, and that none of the Defendants, or their employees, agents, or servants demonstrated deliberate indifference to Plaintiff's medical or mental health treatment.

4.     Defendants reserve the right to elicit testimony from any other expert witness designated in this case, both retained and non-retained, either live or by deposition testimony, with respect to causation, damages, and the appropriateness of Plaintiff's medical care by Defendants, and that their employees, agents, or servants did not demonstrate deliberate indifference to Plaintiff's medical treatment.

5.     Defendants reserve the right to disclose, produce, or call at trial such additional witnesses as may be necessary as a result of any additional discovery and/or additional information made known or disclosed in the future.


SANDBERG PHOENIX & von GONTARD P.C.


By: */s/Taylor J. Jurgens*
Katrina L. Smeltzer, KS Bar #26623
Taylor J. Jurgens, KS Bar #30163
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5332
816-627-5532 (Fax)
ksmeltzer@sandbergphoenix.com
tjurgens@sandbergphoenix.com
*Attorneys for Defendants Mabel Adams*
*and Bryan Wilson, MD*

## Certificate of Service

I hereby certify that on this 14th day of July 2025 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Natasha M. Carter
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, KS 66603
785-506-7615
natasha.carter@ks.gov

Victoria Lane Toothaker
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, KS 66603
785-670-0019
victoria.toothaker@ks.gov
*Attorneys for KDOC*

I hereby certify that this ____th day of July 2025 the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:

Teill Reynolds, #104857
LCFC B2-208
P.O. Box 2
Lansing, KS 66043

*/s/ Taylor J. Jurgens*