UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TEILL REYNOLDS, )
)
Plaintiff, )
)
v. )
) Cause No. 5:24-cv-03132-JAR-BGS
MABEL ADAMS, et al., )
)
Defendants. )

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants Mabel Adams and Bryan Wilson, by and through undersigned

counsel, request that this Court strike Plaintiff's Motion for Summary Judgment, as Plaintiff's

Motion for Summary Judgment does not comply with the Federal Rules of Civil Procedure, or the

District of Kansas Local Rules.

**BACKGROUND**

Plaintiff filed a Motion for Summary Judgment on August 7, 2025 "pursuant to Rule 56(c)

of the federal rules of civil procedure" against Defendants Mabel Adams, Paige Dodson[1], and

Bryan Wilson ("Plaintiff's Motion") (Doc. 42). Plaintiff's Motion seeks summary judgment on

four (4) claims: that "Centurion[2] created a deliberate indifference to [Plaintiff's] serious medical

needs;" "Centurion violated [Plaintiff's] constitutional rights of Eighth Amendment and

---

[1] Paige Dodson is not a party to the case, so any attempt to impose summary judgment upon her is improper and the Court could strike the pleading for this reason alone. However, based on discussions with Plaintiff, Defendants are of the understanding that Plaintiff is no longer attempting to pursue a claim against Paige Dodson in this matter; which was the basis for Plaintiff's filing of his "Motion to Involuntarily Withdraw Without Prejudice there from the Position of Addendum of Third Defendant". (Doc. 43).

[2] Centurion is no longer a party to this case, as they were dismissed from this action by the Court on February 5, 2025. (Doc. 14). Again, Plaintiff cannot impose summary judgment on non-parties, and the Court could strike Plaintiff's Motion for this reason alone.

1

Fourteeenth Amendment of his medical needs;" "Centurion violated 'state law' and 'federal law'[3] of negligence claim;" and for "Intentional infliction of emotional distress." Plaintiff's Motion did not contain a concise statement of facts, either within the brief or separately; instead, Plaintiff filed an "Affidavit for Summary Judgment." (Doc. 45).

## ARGUMENT AND AUTHORITIES

A party seeking summary judgment under Federal Rule of Civil Procedure 56 must assert that facts cannot be genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or [by] showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Further, an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

In addition, the United States District Court for the District of Kansas has its own procedural rules and requirements for filing summary judgment motions. Local Rule 56.1(a) requires that "**The brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies.**"

---

[3] Plaintiff's Claim III in his Complaint was that "Centurion violated 'State Law' claims of negligence" (Doc. 1); so to the extent that Plaintiff is seeking summary judgment on an additional "federal law" negligence claim under Claim III which was not pled in his Complaint, that is improper and the Court should strike that portion of Plaintiff's Motion.

A plaintiff's *pro se* status does not relieve him of his obligation to follow procedural rules. *Lynn v. Maddox*, No. CIV.A. 12-3104-MLB, 2014 WL 6863462, at *1 (D. Kan. Dec. 3, 2014).

Here, Plaintiff did not provide a section in his brief (or even a separate document) containing a statement of undisputed material facts; and any facts which he sets forth in his argument that he believes are not subject to dispute are not numbered and do not refer with particularity to any portion of the record. Further, the "Affidavit for Summary Judgment" that Plaintiff filed states no facts to support his motion, but simply reads:

> "I, Teill Reynolds, do hereby attest and affirm that I am of sound mind and body, and that I give this testimony willingly, and of my own behalf. I also hereby attest and affirm that the foregoing statements are true and accurate to the best of my ability and recollection. Signed this 7th day of August 2025."

(Doc. 45).

Additionally, Plaintiff refers to some documents and policies in his argument but does not refer to particular parts of materials in the record. As such, Plaintiff has not complied with the rules and procedures relating to summary judgment motions and the Court should strike his motion for those reasons. The District of Kansas courts have stricken summary judgment motions for similar failures to adhere to the procedural rules on several occasions before.

In *Jackson v. Park Place Condominiums Ass'n, Inc.*, the plaintiff failed to comply with the local rules of the court regarding motions for summary judgment because the motion did not begin with a concise statement of material facts and because it referenced documents but did not provide any citations to record evidence. No. 13-2626-CM, 2014 WL 3955360, at *1 (D. Kan. Aug. 13, 2014). The court found that "plaintiff's motion wholly fails to comply with the Federal Rules of Civil Procedure and the local rules of this court," and struck the motion, holding that "given this pro se plaintiff's indifference to the court's rules related to summary judgment filings, the court believes that striking plaintiff's motion without prejudice is warranted and appropriate." *Id.*

In *Wooten v. Sedgwick Cnty. Bd. of Cnty. Comm'rs.*, the court struck both the plaintiff's and the defendants' motions for summary judgment, finding that "the parties have failed on many fronts to comply with the local rule which governs the summary judgment process." No. CIV.A. 12-1243-KHV, 2013 WL 6047587, at *1 (D. Kan. Nov. 15, 2013). Specifically, the court noted that "defendants' memorandum in support of their motion for summary judgment does not consistently set forth specific references to the record to identify evidence to which plaintiff can respond," and that "[a]lthough plaintiff pro se has made an attempt to follow the local rules, he has also failed to do so. Although he cites the record in support of some facts, many of his fact statements are arguments or appear to be based on his personal knowledge." *Id*.

The court has struck summary judgment pleadings for failing to comply with local rules on other occasions as well. *See Tolle v. Am. Drug Stores, Inc.*, No. CIV.A.05-2191 KHV, 2006 WL 1537398, at *1 (D. Kan. June 1, 2006) (striking plaintiff's factual statement of their summary judgment response for failing to comply with D. Kan. Rule 56.1); *In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, No. 02-MD-1468-JWL, 2008 WL 1884125, at *1 (D. Kan. Apr. 25, 2008) ("the court hereby strikes this document from the record due to its gross failure to comply with Rule 56(e) of the Federal Rules of Civil Procedure and this court's Local Rule 56.1").

Plaintiff's Motion resembles these other situations where the courts have struck summary judgment pleadings since his motion fails to comply with the Federal Rules of Civil Procedure and District of Kansas local rules.

<u>**CONCLUSION**</u>

WHEREFORE, Defendants request that the Court strike Plaintiff's Motion for Summary Judgment, and for such other relief as the Court deems just and proper. In the alternative,

Defendants request an extension to respond to Plaintiff's Motion until 21 days after the August 25,

2025 status conference, or September 15, 2025.

SANDBERG PHOENIX & von GONTARD P.C.


By: */s/Taylor J. Jurgens*
Katrina L. Smeltzer, KS Bar #26623
Taylor J. Jurgens, KS Bar #30163
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5332
816-627-5532 (Fax)
ksmeltzer@sandbergphoenix.com
tjurgens@sandbergphoenix.com
*Attorneys for Defendants Mabel Adams*
*and Bryan Wilson, MD*


**Certificate of Service**

I hereby certify that this 20th day of August 2025 the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:

Teill Reynolds, #104857
LCFC B2-208
P.O. Box 2
Lansing, KS 66043


*/s/ Taylor J. Jurgens*

5