UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TEILL REYNOLDS,

                Plaintiff,

v.                                                       Case No. 24-3132-JAR-BGS

MABEL ADAMS, et al,

                Defendants.

## PRETRIAL ORDER

On October 9, 2025, U.S. Magistrate Judge Brooks G. Severson conducted a pretrial conference in this case by phone. Plaintiff Teill Reynolds appeared pro se. Defendants Mabel Adams and Dr. Bryan Wilson[1] appeared through counsel Taylor Jurgens.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the Court's approval, or by order of the Court to prevent manifest injustice. *See* Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(a).

**1.**     **PRELIMINARY MATTERS.**

    **a.**     **Subject-Matter Jurisdiction.**   Subject-matter jurisdiction is invoked under 28 U.S.C. § 1331, and is not disputed.

---

[1] The Complaint named eight Defendants: KDOC (dismissed at Doc. 4), Centurion (dismissed at Doc. 14), three KDOC employees identified as Captain Lumphry, Unit Team Lang, and Sergeant Pheer (all dismissed at Doc. 14), and three Centurion employees identified as Mabel Adams (nurse), Dr. Bryan Wilson, and "female doctor." After finding the case survived screening, the Court authorized service on Adams and Wilson. No individual was ever identified or substituted for the "female doctor" nor was service of process effected. On August 8, 2025, Plaintiff filed a motion to withdraw from the position that he was seeking leave to amend to add a third defendant. *See* Doc. 43. During the August 25, 2025, status conference, the Court ruled on the motion. *See* Doc. 51. In its written order, the Court noted that it was "inclined to construe the motion as a notice and deny the motion as moot. Plaintiff was informed that court leave is not needed to change his position. He had no objection on how to proceed and agreed that the Court did not need to rule on any issues in the motion. The Court thus denied the motion to withdraw as moot." Accordingly, there are no claims being asserted against the third unnamed defendant.

      **b.**      **Personal Jurisdiction.**  The Court's personal jurisdiction over the parties is not disputed.

      **c.**      **Venue.**  Venue in this court is not disputed.

      **d.**      **Governing Law.**  Subject to the Court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following law: Federal law governs Plaintiff's Claims I and II against Defendants for deliberate indifference to medical needs under the Eighth and Fourteenth Amendment.  The parties disagree on what law applies to Claims III and IV for negligence and intentional infliction of emotional distress, respectively.  Plaintiff believes federal law governs his Claims III and IV.  Defendants believe Kansas law governs Plaintiff's Claims III and IV.  Defendants will raise this issue in their forthcoming motion for summary judgment.

**2.**      **STIPULATIONS.**

      **a.**      The following facts are stipulated:

           **i.**      At all relevant times, Plaintiff was an inmate at Lansing Correctional Facility ("LCF"), which is a part of the Kansas Department of Corrections.

           **ii.**      Plaintiff's left arm was placed in a splint and sling on Friday, June 16, 2023.

           **iii.**      Plaintiff underwent an x-ray on June 19, 2023.

           **iv.**      Plaintiff was taken to a hospital on June 20, 2025, for outpatient surgery on his left wrist.

      **b.**      The parties have not stipulated at this time to the admissibility of any exhibits.  The parties will meet and confer five (5) days prior to trial to determine exhibits to stipulate to at trial and will file a stipulation of exhibits with the Court prior to trial.

**3.**      **FACTUAL CONTENTIONS.**

      **a.**      **Plaintiff's Factual Contentions.**

Defendant Mabel Adams, a nurse at LCF, was working in the medical clinic on June 16, 2023, when Plaintiff initially presented his medical emergency to the medical clinic under IMP-12-102 II emergency sick call (1) by Solon the employee who had reason to believe a resident is in need of emergency care shall immediately notify the medical staff by him calling the clinic. Here Plaintiff did follow the proper procedure for his injury with a pass/phone call to clinic for a clear medical emergency. Defendant Nurse Mabel Adams is in violation of her nightingale pledge and she was negligent in her duty to treat patient or call a doctor. KDOC and IMPP lack policy and protocol for emergency response. KDOC and IMP states that emergency responses are typically stab wounds, uncontrolled bleeding, shortness of breath, and chest pains. Clearly Defendant Mabel Adams lacked a protocol or IMP for treatment for broken bones that clearly shows negligence she breached her duty. Also by failure to advise a doctor.

Dr. Wilson, a physician at LCF, was one of the treating physicians that treated Plaintiff for his fractured wrist on June 16, 2023 emergency examination. Dr. Wilson failed to x-ray Plaintiff's arm because x-ray tech or place Reynolds in an emergency vehicle and send him to KU Medical Center. Defendants even failed to call in emergency x-ray tech to diagnose Plaintiff properly. Plaintiff's grievance procedure received by Warden Howes clearly state that x-ray tech was on personal leave, for Juneteenth holiday weekend. Dr. Wilson will have to admit he had no protocol or policy to properly treat Plaintiff's condition or x-ray him. On June 19, 2023, Plaintiff received his only x-ray and it was sent to KU Medical Center that day and KU Medical Center requested immediate surgery with internal fixation immediately. Dr. Wilson breached his duty of medical care, and he was negligent to as of no care at all for 5 days Plaintiff was without medication or care, and his causation of failure to give proper medical care and therapy was causation of Reynolds nerve damage and lack of motion that is deliberate indifference to Plaintiff.

    **b.**    **Defendants' Factual Contentions.**

        **i.**    **Defendant Adams**

Defendant Adams, a nurse at LCF, was working in the medical clinic on June 16, 2023, when Plaintiff initially presented to the medical clinic. When Plaintiff initially presented to the medical clinic, he did not follow the proper procedure for his type of injury, as he went to the clinic with a pass from an officer, when the proper procedure for a non-medical emergency would have been for Plaintiff to put in a sick call and wait for the nursing staff to call him to the clinic with his pass. Emergency responses are typically reserved for medical emergencies such as stab wounds, uncontrolled bleeding, shortness of breath, and chest pains – none of which Plaintiff had – but Plaintiff demanded to be seen as an emergency response. Plaintiff's arm injury was not considered a medical emergency, especially because he had injured it the day prior to presenting to the medical clinic. When Plaintiff was informed that he had to wait to be seen, he became disruptive, and had to have correctional officers remove him from the clinic. Plaintiff later returned to the clinic and was treated by nurses other than Defendant Adams.

Defendant Adams denies any and all allegations of negligence, deliberate indifference, or any other claim made by Plaintiff.

        **ii.**    **Defendant Wilson**

Defendant Wilson, a physician at LCF, was one of physicians that treated Plaintiff for his fractured wrist. During Plaintiff's June 16, 2023 examination, it was Defendant Wilson's impression that Plaintiff had sustained an acute fracture to his wrist. Plaintiff was placed in a splint to prevent movement and rotation of Plaintiff's arm, and his arm was also placed in a sling. Due to Plaintiff arriving at the clinic at 12:37 p.m., the facility x-ray technician had already gone home for the remainder of the day and weekend, so Plaintiff was given an order to undergo an x-ray on

the following Monday, June 19, 2023. Plaintiff was further provided pain medication and an injection to assist with his pain and swelling. When Plaintiff arrived at the medical clinic on June 19, 2023, he received his x-ray, and was subsequently scheduled to undergo surgery at an off-site hospital the next day. As such, Plaintiff was provided timely and appropriate medical attention given the circumstances and medical conditions that he was experiencing.

Defendant Wilson denies any and all allegations of negligence, deliberate indifference, or any other claim made by Plaintiff.

**4.    LEGAL CLAIMS AND DEFENSES.**

    **a.    Plaintiff's Claims.**

Plaintiff asserts that he is entitled to recover upon the following theories against both defendants:

        i.    Count 1: Defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment, pursuant to 42 U.S.C. §1983;

        ii.   Count 2: Defendants were deliberately indifferent to Plaintiff's medical needs by delaying necessary medical treatment in violation of the Eighth and Fourteenth Amendment, pursuant to 42 U.S.C. §1983;

        iii.  Count 3: Defendants were negligent, grossly negligent, and acted wantonly and willfully by delaying necessary medical treatment; and

        iv.   Count 4: Defendants intentionally inflicted emotional distress by delaying necessary medical treatment.

    **b.    Defendants' Defenses.**

Defendant asserts the following defenses:

        i.    Defendants were not deliberately indifferent to Plaintiff's medical needs.

        ii.   Defendants were not negligent with respect to Plaintiff's medical treatment.

        iii.  Defendants did not intentionally inflict emotional distress upon Plaintiff.

        iv.   Defendants deny any and all of Plaintiff's claims against them.

  **v.**  Plaintiff was not a pretrial detainee such that his Fourteenth Amendment rights are not at issue pursuant to the claims pled.

  **vi.**  Plaintiff failed to exhaust his administrative remedies prior to the initiation of this action, as he did not timely file his grievance to the facility or Kansas Secretary of Corrections.

**5.**  **DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

Plaintiff is claiming the following damages for all causes of action:

Against Defendant Adams:

| | |
|---|---|
| Compensatory Damages, Breach of Duty | $250,000.00 |
| Punitive Damages | $250,000.00 |
| Noneconomic Damages Pain & Suffering | $250,000.00 |
| Punitive Damages, Wrongful Conduct | $250,000.00 |
| Punitive Damages, Medical Delay of Treatment | $250,000.00 |
| Future Damages, PTSD, Physical Therapy | $250,000.00 |
| Damages for Permanent Injury | $250,000.00 |
| Economic | $250,000.00 |
| **Total** | $2,000,000.00 |

Against Defendant Wilson:

| | |
|---|---|
| Compensatory Damages, Breach of Duty | $250,000.00 |
| Punitive Damages | $250,000.00 |
| Noneconomic Damages Pain & Suffering | $250,000.00 |
| Punitive Damages, Wrongful Conduct | $250,000.00 |
| Punitive Damages, Medical Delay of Treatment | $250,000.00 |
| Future Damages, PTSD, Physical Therapy | $250,000.00 |
| Damages for Permanent Injury | $250,000.00 |

| Economic | $250,000.00 |
|---|---|
| **Total** | $2,000,000.00 |

The Plaintiff requests any additional damages deemed necessary by the Court as required for medical delay or any addition for the 5-6 day delay ($400,000.00 a day for medical delay).

**6.  AMENDMENTS TO PLEADINGS.**

None.

**7.  DISCOVERY.**

Discovery is complete. Unopposed discovery may continue after the deadline to complete discovery so long as it does not delay briefing or ruling on dispositive motions or other pretrial preparations. Although discovery may be conducted beyond the deadline to complete discovery if all parties agree to do so, under these circumstances the Court will not be available to resolve any disputes that arise during the course of such extended discovery.

**8.  MOTIONS.**

    **a.  Pending Motions.**

        i.  Plaintiff's Motion for Summary Judgment, Doc. 42, filed August 7, 2025.

        ii. Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment, Doc. 47, filed August 20, 2025.

    **b.  Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

        i.  Defendants intend to file a Motion for Summary Judgment on all claims.

        ii. Should the case survive summary judgment, Defendants intend to file various motions in limine regarding the admissibility of specific documents and the relevance and admissibility of certain anticipated testimony of Plaintiff and other witnesses.

The dispositive-motion deadline, as established in the scheduling order and any amendments, is **November 7, 2025**. The parties should follow the summary-judgment guidelines on the Court's website:

https://ksd.uscourts.gov/sites/ksd/files/Summary-Judgment-Guidelines%202023.pdf

Principal briefs in support of, or in response to, summary judgment motions must not exceed 40 pages and replies must not exceed 15 pages. *See* D. KAN. RULE 7.1(d)(2). Any motion to exceed these page limits or for an extension of briefing deadlines must be filed at least three days before the brief's filing deadline. *See* D. KAN. RULE 6.1(a), 7.1(d)(4).

Defendants are also obligated to serve and file as a separate document, together with the papers in support of a summary judgment motion, a "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 attached. *See* D. Kan. Rule 56.1(d).

c.  **Motions Regarding Expert Testimony.**  All motions to exclude the testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed **42 days before trial;** unless the *Daubert* challenge encompasses a summary judgment issue, then the deadline is **November 7, 2025**.

9.  **TRIAL.**

The District Judge will set this case for trial should this case survive summary judgment. If no dispositive motions are timely filed, or if the case remains at issue after timely dispositive motions have been decided, then the trial judge may enter an order or convene another pretrial conference to set deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine,

proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials.

10. **ALTERNATIVE DISPUTE RESOLUTION (ADR).**

The status of settlement negotiations is as follows: Defendants rejected Plaintiff's only settlement demand to date, and provided no counteroffer. The parties currently believe the prospects for settlement of this case are poor and they do not believe that further court-ordered ADR would be helpful.

The parties are reminded that, under D. Kan. Rule 40.3, they must immediately notify the Court if they reach an agreement that resolves the litigation as to any or all parties. Jury costs may be assessed under this rule if the parties do not provide notice of settlement to the Court's jury coordinator at least one full business day before the scheduled trial date.

**IT IS SO ORDERED**.

Dated October 9, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge