IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TEILL REYNOLDS,**

    **Plaintiff,**

    v.

**MABEL ADAMS and BRYAN WILSON, M.D.,**

    **Defendants.**

Case No. 24-3132-JAR-BGS

## MEMORANDUM AND ORDER

Plaintiff Teill Reynolds, a prisoner proceeding pro se and in forma pauperis, brings this action against two employees of Centurian, a company that contracts with Lansing Correctional Facility ("LCF") for medical providers. Plaintiff's claims arise out of injuries he sustained after he slipped and fell in the shower at LCF on June 15, 2023. Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 42) and Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 47). The motions are ripe for ruling,[1] and the Court is prepared to rule. As described more fully below, the Court denies Plaintiff's motion for summary judgment; thus, Defendants' motion to strike is moot.

**I.  Background**

On February 5, 2025, the Honorable John W. Lungstrum screened Plaintiff's Complaint under 28 U.S.C. § 1915A. He dismissed Plaintiff's claims as to several Defendants, including

---

[1] Plaintiff did not respond to Defendants' motion to strike and the time to do so has expired. *See* D. Kan. Rule 6.1(d). On September 29, 2025, Plaintiff sent a letter to the Court stating that he had not received "the Defendants Admission for Dr. Culson" or "Defendants Response to Summary Judgment," and asked for copies of these documents. Doc. 54. There is no document on the docket that meets the description of Plaintiff's first request—an admission regarding a doctor or expert. And there is no response to his summary judgment motion. Instead, Defendants moved to strike it. The certificate of service on the motion to strike shows that it was delivered by mail to Plaintiff at LCF. Doc. 47 at 5.

Centurion, but determined that Plaintiff's claims against two Defendants employed by Centurian—Mabel Adams and Bryan Wilson—survived screening. Plaintiff alleges the following claims against these remaining Defendants: (1) a 42 U.S.C. § 1983 claim for deliberate indifference to his medical needs in violation of the Eighth Amendment; (2) a 42 U.S.C. § 1983 claim for cruel and unusual punishment in violation of the Eighth Amendment; (3) negligence and gross negligence under Kansas law; and (4) intentional infliction of emotional distress under Kansas law.[2] Under the Scheduling Order, the dispositive motion deadline is November 7, 2025,[3] and the final Pretrial Conference is set for October 9, 2025. Yet, Plaintiff proceeded to move for summary judgment on August 7, 2025. Because this motion does not comply with the federal and local rules that govern summary judgment practice, Defendants move to strike it.

## II.    Standard

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[4] In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party.[5] "There is no genuine [dispute] of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party."[6] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[7] A dispute of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of

---

[2] *See* Doc. 4 at 2.

[3] Doc. 20.

[4] Fed. R. Civ. P. 56(a).

[5] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[6] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) .

[7] *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).

fact could resolve the issue either way."[8]  To prevail on a motion for summary judgment on a claim upon which the moving party also bears the burden of proof at trial, the moving party must demonstrate that "no reasonable trier of fact could find other than for the moving party."[9]

In deciding these motions, the Court is mindful that Plaintiff proceeds pro se; therefore, the Court must construe his pleadings liberally.[10]  However, pro se plaintiffs may not rely on conclusory allegations to overcome their summary judgment burden.[11]  The Court cannot assume the role of advocate,[12] nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]

### III. Discussion

Judge Lungstrum previously ordered LCF to file a *Martinez* Report,[14] and Plaintiff filed a response to that report.[15]  After evaluating Plaintiff's claims and the report, the court determined that it was "unable to resolve the factual disputes at this stage of the proceedings."[16]  The federal and local rules governing summary judgment practice require that a motion for summary judgment identify facts and provide citations to the record in support of the motion.[17]  In his

---

[8] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[9] *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Hastings v. Campbell*, 47 F. App'x 559, 560 (10th Cir. 2002).

[12] *Hall*, 935 F.2d at 1110.

[13] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[14] Doc. 9.

[15] Doc. 12.

[16] Doc. 14 at 10.

[17] Fed. R. Civ. P. 56(c)(1) (explaining that a party who asserts "that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact"); D. Kan. Rule 56.1 (requiring that "[t]he facts must be numbered and must refer with particularity to those portions of the record upon which movant relies").

motion for summary judgment, despite bearing the burden of demonstrating that no reasonable trier of fact could find other than for him, Plaintiff fails to cite or identify the parts of the record that support his motion. Instead, his motion relies exclusively on conclusory assertions of fact, without citation to the record. Plaintiff submitted an "Affidavit for Summary Judgment," in which he attested that the statements in his motion are true.[18] But this does not suffice to comply with the federal and local rules, nor can Plaintiff attest to facts upon which he has no personal knowledge.[19]

While the Court is mindful that Plaintiff proceeds pro se, it cannot play the role of advocate, and Plaintiff is still subject to the governing rules of summary judgment procedure. Because Plaintiff's conclusory allegations are insufficient to meet his burden of demonstrating that summary judgment is warranted under Fed. R. Civ. P. 56, the motion must be denied. And because the Court denies Plaintiff's motion for summary judgment, Defendants' motion to strike is moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Summary Judgment (Doc. 42) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 47) is **moot**.

**IT IS SO ORDERED.**

Dated: October 15, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[18] Doc. 45.

[19] Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602.