<u>UNITED STATES DISTRICT COURT</u>

Teill Reynolds                                                                   Case# 5; 24-cv-03132-JAR-BGS

    Plaintiff

V

Mabel Adams, et, at

    Defendants

<u>**PLAINTIFF OBJECTION TO DEFENDANTS MABEL ADAMS AND BRYAN WILSON REPLY IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT**</u>

    Comes now the plaintiff object to the reply in support of the defendant's motion for summary judgment, and plaintiff summary judgment must be granted pursuant to local rule 56.1(c).

**PLAINTIFF OBJECT TO DEFENDANTS RESPONSE TO PLAINTIFF STATEMENTS OF DISPUTED MATERIAL FACTS**

    Plaintiff would reallege and incorporate by reference his statements of disputed material facts thereof his pleading E-Filed with the court, on November 19, 2025. Otherwise plaintiff would supplement the defendant's undisputed material facts. There in defendants November 7, and December 2, 2025 pleading.

    Sense number 1 was therefore undisputed at all times, and the same as follows sense number 2, 3, 6,12,13,19,20,21,22 and 23. The remanding of sense numbers are still in dispute at all times, thereof defendants pleadings.

    **Plaintiff object to defendants reply in support of their motion for summary judgment**

**1. Plaintiff argument that defendants were deliberately indifferent to his medical needs under the eight amendment is supported by the record.**

    Plaintiff would reallege and incorporate by reference his eighth amendment argument thereof his November 19, 2025 objection pleading towards respondents with the additional. Plaintiff will object to defense counsel misstatement of facts thereof because plaintiff met screening also counsel reply on p3., I.e. plaintiff received medication and a tramadol injection for pain and swelling on June 16, 2023, (defendants sum para 17), this statement is in dispute and fraud, for the simple fact centurion record clearly show plaintiff never received and tramadol (**no signature**) soc. (see Medical Administration Record July 2023 Doc 9-3). So with attached Medical Administrative record it does equate to an eighth amendment violation of a higher degree of fault on negligence and gross negligence of the "objective" and "subjective" standard under Sealock v Colorado 218 f.3d 1205 1209 (10th cir 2000), therefore Hovater v Robinson quoted by defendant counsel is moot.

2. **Plaintiff rights under the fourteenth amendment are not at issue**

   Plaintiff rights under the fourteenth amendment are not at issue, again this was just a clerical error resulting from a minor mistake or inadvertence. Plaintiff claim still falls under the eight amendment and the court applies an analysis identical to that applied in eighth amendment's cases id citing Hare v city of Corinth 74 f.3d 633 643 (5th cir 1996), of deliberate indifference.

3. **Plaintiff can succeed on a claim for medical negligence without expert testimony**

   Plaintiff medical negligence claims succeed because Martin A. Schwartz section 1983 litigation federal evidence 601 [c] (5th Ed 2012) (emphasis and internal quotation marks omitted). We have located no publication authority in this circuit establishing a bright line rule for when expert medical testimony is required in a prisoner medical treatment case. Other circuits have reached divergent results concurring whether and when expert testimony is required. Compare, e.g. Ortiz 656 f.3d at 535 (citing cases holding that "**in delay of medical care cases… non- expert evidence is sufficient as long as it permits the fact-finder to determine whether the delay caused additional harm**")("**We have never required plaintiff alleging a denial of adequate medical care in a section 1983 action to produce expert medical testimony. Etc.**" see King V Patt, no 12-4107 (10th cir May 10, 2013). Here Sperry v Corizon Health Inc. is Moot. (**The inquiry remains whether the treating physician or other prison official was deliberately indifferent to a prisoner serious medical needs.**

With Alberson v Norris 458 f.3d 762 765 766(8th cir 2000) ('Where the complaint involves treatment of a prisoner sophisticated medical condition, expert testimony is required to show proof of causation , negligence). This court must agree with the authority cited above holding that is not required in cases where the jury can determine whether the delay caused additional harm and doctor negligence. Expert testimony is never required in a deliberate indifference case involving delay of medical care see King v Patt no 12-4109 (10th cir 2013).

   As stated before (Doc 31) the judge stated this case is not overly complex, this is not a misreading of the court's ruling, this clearly mean that the judge and jury have the ability to determine that Dr. Wilson placed plaintiff in a "Substantial risk of harm of bone cutting artery that could have caused , nerve damage or death. This is clearly a lay person decision. The Defendants state that plaintiff own briefing highlights the medical complexity this would meant the district court was required to appoint counsel of his allegation and need for a medical expert to support his claims Cf McCarthy v Weinberg 753 f.2d 836 839 (10th cir 1985) (**Noting, in deliberate indifferences cases, that " [T]he factual medical issues involved are complex, requiring the presentation of expert opinion" and thus district court should have appointed counsel for plaintiff )(with his request for counsel).**

**4 Defendants did intentionally inflict emot6ional distress upon plaintiff**

Plaintiff would reallege and incorporate by reference his statement of disputed material facts thereof his pleading E-filed with the court as stated above. Plaintiff also allege that Dr. Wilson never provided plaintiff with any medication until June 20, 2023 and defendants SUMF at 17 is "fraud" and Falsely, and the Kansas department of corrections cameras would support plaintiff claim but for some reason they don't have that evidence. The defendants did intentionally inflict emotionally distress in their 5-6 day delay in medical treatment and this "conduct was extreme and outrageous that is utterly intolerable in a civilized society.

Plaintiff request summary judgement in his favor, do to there is overwhelming evidence of injury, that was ignored of 5-6 days that caused a medical delay in treatment see (Doc 9-1through 9-5) (The University Of Kansas Health System p 1-28). Mr. Reynolds also place evidence that his injury was caused by defendants and his emotional distress is supported by the eight amendment due to his injury the defendants misstatement of evidence clearly show his injury is the cause of his mental distress that don't require him to see medical for his "Anxiety" . The plaintiff has met emotional distress "**To sustain a claim for negligent infliction of emotional distress, the plaintiff must establish that the conduct complained of was accomplished by or resulted in immediate physical injury, Hoard v Shawnee Mission medical center 233 kan 267 syl p1 662 p.2d 1214( 1983) The plaintiff have shown that the physical injuries complained of were the direct and proximate result of his emotional distress (so no expert testimony is required) caused by the [defendants] alleged negligent conduct. 233 Kan at 277 662 p.2d 1214.**

The purpose behind the physical injury that Reynolds sustained due to plaintiff physical injury. Plaintiff pro se complaint must be liberally construed see Haines v Kerner 404 u.s 519 520 521 92 s.ct 594 30 L.ed.2d 652 (1972). As asserting that he suffered emotional and mental distress due to the injury to his broken [arm]3 see R. tab 3 at 10-11 therefore the district court must grant summary judgment on the mental and emotional distress claim4, Mental and emotional distress claim along with the Eighth Amendment claim in the first instance. CF, Miller v Glanz 948 f.2d 1562 1568 (10th cir 1991) (**If plaintiff eighth amendment rights were violated he potentially may recover from emotional distress). See Escobar v zavaras** 149 f.3d 1190 (10th cir 1993). (**B. Mental and emotional distress.**).

It's clearly noted that the defendants has clearly misstated material facts dealing with having to have an expert testimony where the law clearly state that no experts is required due to plaintiff mental and emotional distress come from his injury under the eight amendment of the objective and subjective standard. Here again as stated above expert testimony is not required here. Before expert testimony is required, **"the circuit court must find that the material in evolved is "not within the realm of the ordinary experience of mankind" Cramer v Theda Clark Memorial hospital 45 wis.2d 147 150 172 N.W.2d 427 (1969).** Against Reynolds clearly rely on (Doc 31) where the judge clearly stated that this case was not overly complex. "[T]he will established test for determining whether expert testimony is **required is whether the subject matter is too complex to fall within the common knowledge of the jury and is beyond the capability of a lay person to decide" Williamson v Amrani 283 kan 277 245 152 p.3d 60 (2007).**

Plaintiff clearly address that the defendants argument that summary judgment does not weight in defendants favor, there is plenty evidence in the tenth circuit that support plenty evidence that plaintiff suffered emotional distress due to **his physical injury** under the eight amendment as stated above, the defendants argument that plaintiff must receive mental health treatment is misplaced and Moot. Mental and emotional distress falls under the eighth amendment as asserted because he suffered emotional and

mental distress for the 5-6 day delay in his injury (see exhibits 4, 5, 6, 7, 8, 9 Doc 9-2 and Doc 9-4). The courts held "**damages may be** awarded **for unopecuniary injury, such as psychological harm where plaintiff has been deprived of his substantial constitutional right**' foster v MCI Telecommunication **crop** 773 f.2d 1116 1120 (10th cir 1985); see also Carey v Piphus 435 u.s 247 98 s.ct 1042 55 l.ed.2d 252 (1978) ('**mental and emotional distress caused by the denial of procedural due process itself is compensable under 1983**") so Rodock v Moore is also moot. And summary judgment for moving party must be granted.

## Conclusion

**Wherefore,** the reasons set forth above, as well as those discussed in plaintiffs brief in support that was filed November 19,2025, the plaintiff motion for summary judgment for the moving party must be granted, along with other and further relief as this court deems joust and proper for plaintiff

## Certificate of service

**I certify that this motion will sent e-filed December 15, 2025 to district court**